## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | **Criminal Action No. 2:17-197** |
| | ) | |
| **v.** | ) | **Civil Action No. 2:22-1331** |
| | ) | |
| **RICHARD BOYLE** | ) | |

## <u>OPINION</u>

**Mark R. Hornak, United States District Judge**

This matter is before the Court on a "Motion Pursuant to Federal Rule of Civil Procedure 60(b)(2) and Rule 60(b)(3) – Newly Discovered Evidence / Fraud" filed pro se by Defendant Richard Boyle ("Rule 60(b) motion") (ECF No. 268), which is opposed by the Government (ECF No. 278).[1]  Also pending is Boyle's "Motion to Amend FRCP 60(B)(3) Motion" (ECF No. 280), which the Government also opposes.  (ECF No. 282).  Boyle filed a Reply to the Government's responses (ECF No. 285) and the matter is now fully briefed and ripe for disposition.  For the reasons set forth below, construing the Rule 60(b) motion as a true Rule 60(b) motion, the motion will be denied as it fails on the merits.  Alternatively, construing the Rule 60(b) motion as a second or successive habeas petition, the motion will be dismissed for lack of jurisdiction as an unauthorized second or successive petition for writ of habeas corpus. To the extent the Rule 60(b) motion is construed as a second or successive petition, a certificate of appealability will not be issued.  The motion to amend will be denied.

---

[1]      All references to the record are to case number 17-cr-00197 unless otherwise stated.  For citations to ECF filings, pages numbers refer to the number appearing in the CM/ECF header, which may not align with the document's original page numbering.

## I.     RELEVANT PROCEDURAL HISTORY

The Opinion denying Boyle's motion to vacate under 28 U.S.C. § 2255 ("§ 2255 motion") gives an in-depth recitation of the factual and procedural background of this case. (ECF No. 247).  Only the most relevant facts are detailed below.

### A.     Trial Proceedings

In 2019, Boyle was convicted of eleven counts of bank robbery, ten counts of using or carrying a firearm during a crime of violence, and ten counts of money laundering.  (ECF No. 97).  Boyle was later sentenced to a term of imprisonment of 852 months, a 3-year term of supervised release, and restitution of $495,686.00.  ECF No. 150.

The Court of Appeals for the Third Circuit affirmed Boyle's judgment of conviction and sentence.  *United States v. Boyle*, 849 F. App'x 325 (3d Cir. 2021).  And the Supreme Court of the United States denied his petition for writ of certiorari.  *See h*ttps://www.supremecourt.gov/search.aspx?filename=/docket/docketfiles/html/public/21-5570.html.

### B.     Section 2255 Proceedings

In April 2022, Boyle filed a § 2255 motion seeking habeas relief on 70 claims.  (ECF No. 167).  In an Opinion dated January 5, 2026, the Court addressed each of Boyle's claims and found each to lack merit.  The § 2255 motion was denied in its entirety and a certificate of appealability was denied as well.  (ECF No. 247).  A Final Judgment Order was entered on January 6, 2026.  *See* ECF Nos. 247 and 248 and Civil Case No. 22-cv-1331, ECF Nos. 1-3.

Boyle then filed a series of motions:  a motion to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure ("FRCP") (ECF No. 250); a motion under FRCP Rule 52(b) (ECF No. 256); and a motion under FRCP 44 (ECF No. 260).  Each motion was

denied.  *See* Orders filed at ECF Nos. 251, 259, 265.  On March 13, 2026, Boyle filed the instant Rule 60(b) motion.  (ECF No. 268).

Six days later, on March 19, 2026, Boyle filed a Notice of Appeal with the Court of Appeals for the Third Circuit.  (ECF No. 275).  The record on appeal has been docketed by the Court of Appeals at Case No. 26-1658 and remains pending.  *See* https://ca3-ecf.sso.dcn/cmecf/jsp/CaseSummary (last viewed 6/01/2026).  On April 1, 2026, Boyle filed a motion to amend his Rule 60(b) motion.  (ECF No. 280).

## II.   LEGAL STANDARDS

The initial determination a district court must make when presented with a Rule 60(b) motion in the habeas context is "whether the Rule 60 motion was a disguised second or successive motion and, if it was not, whether extraordinary circumstances justified granting relief."  *United States v. Doe*, 810 F.3d 132, 151 (3d Cir. 2015); *see also Melter v. United States*, Civ. No. 15-243, CR 13-12, 2017 WL 3868808, at *2 (W.D. Pa. Sept. 5, 2017) (Hornak, J.) ("In the habeas context, when a district court is presented with a Rule 60(b) motion after it has denied the petitioner's federal habeas application, the court must first determine if the Rule 60(b) motion constitutes a second or successive application under the Antiterrorism and Effective Death Penalty Act ('AEDPA')").

### A.   Rule 60(b) Motions

A motion filed pursuant to FRCP 60(b) allows a party to seek relief from a final judgment and request reopening of the case under a limited set of circumstances, including (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence, that, with reasonable diligence, could not have been discovered in time to move for a new trial; (3) fraud or mistake by an opposing party; (4) because the judgment is void; (5) because the judgment has

3

been satisfied, released or discharged; and (6) any other reason that justifies relief.  Fed. R. Civ. P. 60(b); *see also Gonzalez v. Crosby*, 545 U.S. 524, 528-29 (2005) ("Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence.").  "Rule 60(b) motions are viewed as extraordinary relief which should be granted only where extraordinary justifying circumstances are present."  *Kiburz v. Sec'y, U.S. Dep't of the Navy*, 446 F. App'x 434, 436 (3d Cir. 2011).

A Rule 60(b) motion is not, in effect, a habeas petition if the motion "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings."  *Gonzalez,* 545 U.S. at 532; *see Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004) ("[I]n those instances in which the factual predicate of a petitioner's Rule 60(b) motion attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction, the Rule 60(b) motion may be adjudicated on the merits.").  *See also Woods v. Mazurkiewicz*, Civil Action No. 92-4917, 2022 WL 2316173, at *5 (E.D. Pa. June 28, 2022) ("[T]he Supreme Court has stated that we may consider on the merits a Rule 60(b) motion that asserts a 'defect in the integrity of the federal habeas proceedings,' such as fraud on the federal habeas court.'" (citation omitted)).

In his Rule 60 motion, Boyle specifically invokes Rule 60(b)(2) and Rule 60(b)(3).

### 1.    Rule 60(b)(2)

Rule 60(b)(2) provides for relief from a final judgment where there is a showing of "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial[.]"  Fed. R. Civ. P. 60(b)(2).  "'[N]ewly discovered evidence' refers to 'evidence of facts in existence at the time of trial of which the aggrieved party was excusably

ignorant." *Harrison v. Harrison*, No. 22-3361, 2023 WL 7017695, at *2 (3d Cir. Oct. 25, 2023) (internal quotations omitted).

### 2. Rule 60(b)(3)

Rule 60(b)(3) provides for relief from a final judgment where this is "fraud, . . . , misrepresentation, or misconduct by an opposing party[.]" Fed. R. Civ. P. 60(b)(3). The type of fraud contemplated by Rule 60(b)(3) is "conduct [that] prevented the moving party from fully and fairly presenting his case." *Stridiron v. Stridiron*, 698 F.2d 204, 207 (3d Cir. 1983). It "includes misrepresentations or misconduct by opposing parties or counsel in a case[.]" *Gagliardi v. Courter*, No. CIV.A. 02-2035, 2011 WL 710221, at *2 (W.D. Pa. Feb. 22, 2011) (citing Fed. R. Civ. P. 60(b)(3)). The movant carries a heavy burden under Rule 60(b)(3) and must establish by clear and convincing evidence that the adverse party engaged in the type of fraud contemplated by the Rule. *United States v. Morgan*, No. CR 12-23, 2018 WL 3618251 (E.D. Pa. July 27, 2018).

### B. Second or Successive Habeas Petitions

"Habeas petitioners are generally entitled to 'one fair opportunity' to litigate the merits of their postconviction claims in federal court." *Rivers v. Guerrero*, 605 U.S. 443, 450 (2025) (citing *Banister v. Davis*, 590 U.S. 504, 507 (2020)). A petitioner who wishes to file "a second or successive [§ 2255] application . . . in the district court . . . [must] move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *see Rivers,* 605 U.S. at 450; 28 U.S.C. § 2255(h) (applying to § 2255 motions the same limits applicable to state prisoners seeking habeas relief).

"The phrase 'second or successive application', on which all this rides, is a 'term of art,' which is not self-defining[,]" and "does not simply 'refer' to all habeas filings made 'second or

5

successively in time,' following an initial application." *Banister,* 590 U.S. at 511 (citations omitted).  But a Rule 60(b) motion (filed after a final judgment has issued) should be treated as a second or successive petition if it "seeks to add a new ground for relief . . . or attacks the federal court's previous resolution of a claim *on the merits*, though not if it merely attacks a defect in the federal habeas proceedings' integrity." *Gonzalez*, 545 U.S. at 532 (emphasis in original).

## III.    DISCUSSION

The gravamen of Boyle's Rule 60(b) motion is that Detective Jeffrey Michael McGee falsely testified he was a FBI task force officer and fabricated a TracFone business record and certification, Exhibit 302(c), which was used to deceive the jury.  ECF No. 268.  In support, Boyle contends he has "newly discovered evidence" which conclusively establishes (1) "[a]ll official actions taken by Detective McGee in this case were unauthorized and without any legal justification[,]" ECF No. 268 at 7, ¶ 22, and (2) "the alleged TracFone Wireless business record and certification," were fabricated.  *Id.* at 10, ¶ 27.

The Government argues the motion is an unauthorized second or successive § 2255 motion and should be denied.  Boyle responds his Rule 60(b) motion is not a second or successive motion because the motion "challenges the manner in which this Court's judgment on Petitioner's 28 U.S.C. § 2255 and the related filings were obtained.  The serious allegations of fraud assert defect in the integrity of Petitioner's § 2255 proceedings." ECF No. 285 at 1.[2]  The

---

[2]    As noted in the Opinion denying Boyle's § 2255 motion, Boyle has challenged on a number of occasions the veracity of Detective McGee's testimony and has alleged claims of prosecutorial misconduct for allowing Detective McGee to testify to false statements and fabricated evidence.  ECF No. 247 at 14-15; *see also* ECF Nos. 232 and 230.  In his § 2255 motion, Boyle claimed Detective McGee was not properly authorized as an FBI task force officer and that the detective provided false information to the grand jury and at trial.  Now, Boyle has reframed those challenges contending both Detective McGee and the prosecutor engaged in fraud by presenting false statements and fabricated evidence.

Court will first analyze the motion under Rule 60(b) standards and then, in the alternative, will examine whether the motion is a "disguised" second or successive § 2255 motion. If the Court concludes the motion is a true Rule 60(b) motion, the motion will be decided without precertification by the Court of Appeals. That said, if the Court concludes the motion constitutes a second or successive petition and raises a new claim, the motion will be dismissed for lack of subject matter.

### A.    Rule 60(b) Motion

Assuming the Court has jurisdiction to consider Boyle's motion (*i.e.*, the motion is neither automatically deemed a successive petition under *Gonzalez* nor viewed as a successive petition based on a reasonable reading of its substantive allegations, and assuming that consideration of the motion on the merits is proper), the Court concludes Boyle is not entitled to relief under either Rule 60(b)(2) or Rule 60(b)(3).

### 1.    Boyle Cannot Establish New Evidence under Rule 60(b)(2)

Boyle argues he has conclusive proof Detective McGee made intentional misrepresentations that he was a FBI task force officer "in sworn affidavits and given in sworn testimony before the federal grand jury on April 12, 2017, and in the United States District Court for the Eastern District of Pennsylvania on March 22, 2018, March 11, 2019, and March 12, 2019." ECF No. 268 at 3-4. He also asserts "facts show that GX 302(c), the alleged TracFone Wireless business record and certification, has been positively established to be a fabrication." *Id.* at 10-16.

The Court concludes Boyle's arguments are unpersuasive for several reasons. In reviewing the exhibits appended to Boyle's motion, it is abundantly clear there is nothing "newly

discovered" with respect to Boyle's assertions that would establish Detective McGee made intentional misrepresentations with respect to being a task force officer. ECF No. 268 at 22-79.

Similarly, the only "new" evidence Boyle relies upon in support of his allegation that the TracFone records were fabricated is Government Exhibit 302(c). The Court is not satisfied Exhibit 302(c) is "new" or "newly discovered." Boyle has challenged these exact records at least 4 times. *First*, in a pre-trial motion, defense counsel challenged the authenticity of the TracFone records and the trial court denied the motion as meritless. *See* ECF No. 74. *Next*, during trial, defense counsel again challenged the authenticity of the TracFone records. But after reviewing the TracFone records and the email record, defense counsel determined the records were in fact authentic. *See* Trial Transcript, 3/14/2019, at 83. *Third*, on appeal, Boyle argued the TracFone records were not authentic because TracFone did not keep activation IP addresses. The Court of Appeals rejected that argument. *United States v. Boyle*, 849 F. App'x 325, 329 (3d Cir. 2021). And *fourth*, in his § 2255 motion, Boyle argued the TracFone records were "fabricated evidence." *See* § 2255 Motion, Claims 22, 23, 24, and 25. The TracFone records can hardly be considered "new" or "newly discovered" evidence.

Because there is no newly discovered evidence here, Boyle's motion under Rule 60(b)(2) must be denied.

### 2.    Boyle Cannot Demonstrate Fraud to Prevail Under Rule 60(b)(3)

Rule 60(b)(3) provides that a party may obtain relief if the opposing party engaged in fraud, misrepresentation, or misconduct. *See* Fed. R. Civ. P. 60(b)(3). To prevail under Rule 60(b)(3), the moving party "must establish that the adverse party engaged in fraud or other misconduct, and that this conduct prevented the moving party from fully and fairly presenting his case." *Stridiron,* 698 F.2d at 207 (citations omitted). "[T]o sustain the burden of proving fraud

8

and misrepresentation under Rule 60(b)(3), the evidence must be clear and convincing." *Brown v. Pa. R.R. Co.*, 282 F.2d 522, 527 (3d Cir. 1960).

"Uncorroborated, self-serving statements do not satisfy the 'clear and convincing' standard necessary to sustain a motion under Rule 60(b)(3)." *Umansky v. Melton Int'l Tackle, Inc.*, No. 17-4712, 2019 WL 5418050, at *8 (E.D. Pa. Oct. 23, 2019) (citation omitted).

Boyle contends "[t]he TracFone business records were never received in evidence[,]"[3] ECF No. 268, and he only recently obtained a copy of Exhibit 302(c) when opposing counsel mailed it to him. *See* ECF No. 280. He argues the TracFone business records are fabricated and "[t]his fraud . . . affected the manner in which the judgment was obtained for Petitioner's § 2255 motion." ECF No. 285 at 3. He further contends "[t]he record as a whole is permeated with fraud, false testimony, and fabricated evidence[,]" which is sufficient to grant relief under Rule 60(b)(3). *Id*.

Again, the Court concludes Boyle's arguments are unpersuasive. As noted in this Opinion, Boyle has challenged on a number of occasions the veracity of Detective McGee's testimony and has alleged claims of prosecutorial misconduct for allowing Detective McGee to testify to false statements and fabricated evidence. ECF No. 247 at 14-15; *see e.g.,* ECF Nos. 108, 232, and 230. In his § 2255 motion, Boyle claimed Detective McGee was not properly authorized as an FBI task force officer and that the detective provided false information to the grand jury and at trial. Now, Boyle has reframed those claims contending both Detective McGee

---

[3]  Boyle has made this argument before and it consistently has been rejected by all courts. *See* ECF No. 265 at 4 ("Boyle acknowledges Exhibit 302(c) was admitted and received into evidence, and the Court notes Exhibit 302(c) was admitted into evidence without objection from Boyle's counsel. *See* ECF No. 260, Exh. 2 at p. 14. Boyle challenged the admission of Exhibit 302(c) on appeal and in his 2255 motion. All courts have found Exhibit 302(c) was properly admitted.").

and the prosecutor engaged in fraud by presenting false statements and fabricated evidence.  The Court concludes Boyle has not met his heavy burden to establish by clear and convincing evidence that fraud was committed by either Detective McGee or counsel for the Government.  For these reasons, Boyle's motion for relief under Rule 60(b)(3) will be denied.

**B.    Second or Successive Motion**

Alternatively, despite Boyle's arguments to the contrary, the Rule 60(b) motion appears to attack the validity of his underlying conviction and, as such, the Court concludes the motion is properly construed as a second or successive habeas petition.  *See Gonzalez*, 545 U.S. at 532.

To the extent the instant motion seeks to raise <u>new</u> claims, the motion must be construed as a successive § 2255 petition and cannot be considered by this Court without permission from the Court of Appeal for the Third Circuit.  Section 2255(h) provides:

> A second or successive motion must be certified as provided in Section 2244[4] by a panel of the appropriate court of appeal to contain
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

---

[4]    Section 2244 requires that the petitioner file a motion in the Court of Appeals seeking leave to file a second or successive petition, and declares that "[t]he court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection." 28 U.S.C. § 2244(b)(3)(B), (C).

Because Boyle has not received prior authorization from the Court of Appeals to bring a second or successive petition, the Court lacks jurisdiction to consider it.[5]

### C.      Motion to Amend

Boyle seeks leave to amend his Rule 60(b) motion "to set the record for appellate review and to assure that the record contains the self evident documentation of the fraud claim in the Rule 60(b)(3) motion.  GX302(c) and its certification is fabricated evidence[.]"  ECF No. 280 at 2.  Respondents argue the motion should be denied as "[h]is allegation that the government fabricated evidence is pure fantasy.  The TracFone records are authentic."  ECF No. 282 at 3.

Habeas petitions "may be amended or supplemented as provided in the rules of procedure applicable to civil actions."  28 U.S.C. § 2242.  Pursuant to Federal Rule of Civil Procedure 15(a)(2), Boyle may only amend his petition with the Respondents' consent or the court's leave.  Although courts "should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), courts may nevertheless deny a motion to amend when the amendment would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *United States v. Duffus,*174 F.3d 333, 337 (3d Cir. 1999).  "Specifically, an amendment to a habeas petition may be considered futile when, i*nter alia*, the amendment is meritless."  *Wright v. Smith*, No. 18-524, 220 WL 1626757, at *4 (E.D. Pa. Apr. 2, 2020) (citing *Rushing v. Pennsylvania*, 637 F. App'x 55, 58 (3d Cir. 2016)).

---

[5]      As noted, in his § 2255 motion, Boyle challenged the veracity of Detective McGee's testimony as well as the conduct of the prosecutor in calling Detective McGee as a witness both in the grand jury and at trial.  *See* § 2255 motion, Claims 44, 45, 46, 47, 48 49 and 50.  AEDPA bars the relitigation of claims presented in a prior application.  *See* 28 U.S.C. § 2244(b)1); *Calderon v. Thompson*, 523 U.S. 538, 553 (1998).  Thus, to the extent Boyle is not raising a new claim, but is rehashing claims made in his § 2255 motion, the Court is of the opinion jurisdiction is lacking on this additional ground.

Numerous courts have examined Boyle's variations of the same argument  - that the TracFone records are fabricated - and every court steadfastly has rejected those arguments.  As noted, in his Rule 60(b) motion Boyle is once again challenging the authenticity of the TracFone records this time reframing his argument as one of "fraud."  The motion to amend will be denied as amendment is meritless and, thus, futile.

## IV.     CERTIFICATE OF APPEALABILITY

The Court of Appeals for the Third Circuit has said a certificate of appealability "is required when a petitioner appeals the denial of a Rule 60(b) motion seeking reconsideration of a dismissal of a habeas petition, even if that dismissal was on procedural grounds." *Bracey v. Superintendent Rockview*, 986 F.3d 274, 282 (3d Cir. 2021).  To the extent Boyle's motion is construed as a second or successive petition for habeas corpus relief under 28 U.S.C. § 2255, a certificate of appealability will not be issued.  Jurists of reason would not find it debatable that, to the extent the motion presents a new claim for relief under § 2255, it is an unauthorized successive habeas petition.

## V.     CONCLUSION

After careful consideration, the Court concludes Boyle is not entitled to relief under either Rule 60(b)(2) or Rule 60(b)(3) and, as a result, the Rule 60(b) motion will be denied as it fails on the merits.  Alternatively, construing the Rule 60(b) motion as a second or successive habeas petition, the motion will be dismissed for lack of jurisdiction as an unauthorized second or successive petition for writ of habeas corpus.  To the extent the Rule 60(b) motion is construed as a second or successive petition, a certificate of appealability will not be issued.  The motion to amend will be denied.

A separate Order follows.[6]


Date:   June 1st, 2026                         BY THE COURT:

                                               s/ Mark R. Hornak
                                               Mark R. Hornak
                                               United States District Judge


cc:    RICHARD BOYLE
       #75974-066
       BIG SANDY
       U.S. PENITENTIARY
       Inmate Mail/Parcels
       P.O. BOX 2068
       INEZ, KY 41224
       (via U.S. First Class Mail)

       All counsel of record
       (via ECF electronic notification)

---

[6]     The instant Rule 60(b) motion is Boyle's *fifth* attempt to collaterally attack the merits of his conviction.  *See* ECF Nos. 167, 250, 256, 260, and 268.  Boyle seeks to relitigate repetitive matters that already have been resolved by the Court of Appeals on direct appeal and by this Court in denying his § 2255 motion on its merits.  His relief now, if any, will be from the Court of Appeals.  *See* Court of Appeals case number 26-1658.  Furthermore, any attempts to relitigate repetitive matters in this Court may result in the imposition of sanctions, including monetary sanctions and a filing injunction.